UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BILLY JACK KEENE,

               Petitioner,

vs.                                 Case No.  5:10-cv-408-Oc99GRJ

WARDEN- USP COLEMAN,

               Respondent.

_____

**OPINION AND ORDER**

I.

Petitioner, who is a federal inmate incarcerated in the Federal Correctional Center located in Coleman Florida, initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus (Doc. # 1, "Petition") pursuant to 28 U.S.C. § 2241 challenging the execution of his federal sentence. Respondent filed a Response (Doc. #13, "Response") in opposition with supporting exhibits (Doc. #13-1, Exhs. 1-3). Petitioner filed a Reply (Doc. #20, Reply) and thereafter the Court granted Petitioner leave to file a supplement to the Reply (Doc. #26, Supplement).[1] Respondent then filed a

_____

[1]On November 29, 2012, the Court entered an Order granting Petitioner's motion to supplement the reply (Doc. #24). The Order only granted Petitioner leave to file supplemental "authority" "to support the claims raised in his original Petition." See Order at Doc. #25. Instead, Petitioner filed a thirty-page "supplemental reply," stating that the supplement "stand[s] alone from previous filings." Doc. #26 at 1. Petitioner's supplemental reply appears to be an attempt to file a belated amended petition. Accordingly, the Court will strike Petitioner's "supplemental reply" as improperly filed because the Court only permitted the filing of
(continued...)

three-page surreply (Doc.#29, Surreply) pursuant to the Court's
March 25, 2013 Order.  This matter is ripe for review.

I.

According to the Petition, Petitioner's federal sentence was
improperly calculated resulting in the denial of jail time credit
from March 30, 2006 through August 14, 2007. As relief, Petitioner
asks that the Court direct the BOP to re-calculate his sentence and
award him credit for time served from March 30, 2006. Petition at
8; see also Reply at 6.  Respondent initially argued in response
that Petitioner was serving his state sentence from March 30, 2006
to August 2, 2007, so he could not be given credit toward his
federal sentence from March 30, 2006. Response at 4.  Respondent
argued that to do such would amount to "inappropriate 'double
credit'" under 28 U.S.C. § 3585(b).  Id. at 6.  Petitioner's reply
included an order dated January 25, 2011 from the State court, in
which the court clarified its prior orders and explained that
Petitioner's sentence of credit for time served ended on March 30,
2006.  Reply at 6.  Respondent now submits that based upon the
State court's new order dated January 25, 2011, the BOP
recalculated Petitioner's sentence to give him credit for time

---

[1](...continued)
supplemental authority, not an amended petition.  Doc. #26.

served from March 30, 2006 until August 13, 2007 toward his federal
sentence.  Surreply at 2.

### III.

"Article III of the Constitution restricts the power of
federal courts to 'Cases' and 'Controversies.'" <u>Chafin v. Chafin</u>,
133 S. Ct. 1017, 1023 (2013).  This case or controversy requirement
must be present through all stages of federal judicial proceedings.
<u>Id.</u>  A case "becomes moot only when it is impossible for a court to
grant any effectual relief whatever to the prevailing party." <u>Knox
v. Serv. Emps.</u>, 567 U.S. _____, _____, 132 S. Ct. 2277, 2287
(2012)(internal quotation marks omitted).   Article III prohibits
courts from considering moot questions because such questions
cannot present an active case or controversy, thus, the court lacks
subject matter jurisdiction. <u>Coral Springs St. Sys., Inc. v. City
of Sunrise</u>, 371 F.3d 1320, 1328 (11th Cir. 2004).  Cases can be
rendered moot due to a change in circumstances or a change in law.
<u>Id.</u> at 1328.  When the issue presented is no longer live, the
parties lack a legally cognizable interest in its outcome, or a
decision could no longer provide meaningful relief to a party, the
case is moot. <u>Troiano v. Supervisor of Elections in Palm Beach
County, Fla.</u>, 382 F.3d. 1276, 1282 (11th Cir. 2004) (citing <u>Al
Najjar v. Ashcroft</u>, 273 F.3d 1330, 1335-36 (11th Cir. 2001)).  In
such circumstances, dismissal is not discretionary but "is required
because mootness is jurisdictional. Any decision on the merits of

a moot case or issue would be an impermissible advisory opinion."
Id.

A narrow exception to the mootness doctrine exists for those
cases that are "capable of repetition yet evading review". See De
La Teja v. United States, 321 F.3d 1357, 1363, n.3 (11th Cir.
2003).  However, the circumstances before the Court do not fall
within that exception.   Two conditions must be met for the
exception to apply: (1) the challenged action must be of a
"duration too short to be fully litigated prior to its cessation or
expiration"; and (2) there must be a "reasonable expectation that
the same complaining party would be subjected to the same action
again." Christian Coalition of Ala. v. Cole, 355 F.3d 1288, 1293
(11th Cir. 2004) (emphasis added).

Here, the Court finds the Petition is moot due to a change in
circumstances.   Specifically, upon the issuance of the Court's
March 25, 2013 Order pointing to the State court's January 25, 2011
order, the BOP recalculated Petitioner's sentence and Petitioner
received credit for time served in State custody from March 31,
2006 until August 13, 2007.   This was the relief Petitioner
requested in the Petition.  Additionally, Petitioner cannot meet
the conditions for the mootness exception to apply.  Respondent now
recognizes that the time Petitioner served in State custody from
March 30, 2006 through August 14, 2007 was not credited toward his
State sentence and appropriately credited that time toward his

-4-

federal sentence. Thus, the issue should not arise again. If the issue does arise again, Petitioner's federal sentence does not expire until February 13, 2015, so this issue will have adequate time to be litigated.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Clerk of Court shall strike Petitioner's "supplemental Reply" (Doc. #26).

2. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED as moot.**

3. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Orlando, Florida, on this ____ day of April, 2013.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record